# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>MAX & ERMA'S RESTAURANT, INC.,<br>                 Debtor. | Chapter 11<br><br>Case No. 09-27807-MBM<br><br>Related to Doc. No. 343<br><br>Hearing Date and Time:<br>March 2, 2010 at 3:00 p.m. |

## ORDER PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE AUTHORIZING THE RETENTION AND EMPLOYMENT OF WILLIAM BLAIR & COMPANY, L.L.C. AS INVESTMENT BANKER *NUNC PRO TUNC* TO FEBRUARY 8, 2010

Upon consideration of the application (the "Application"), of the above-captioned debtor and debtor-in-possession (the "Debtor") for an order, pursuant to sections 327(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 11 *et seq.* (the "Bankruptcy Code"), authorizing the Debtor to employ and retain William Blair & Company, L.L.C. ("Blair") as the Debtor's investment banker in this chapter 11 case, *nunc pro tunc* to February 8, 2010; and upon the Richards Affidavit, annexed to the Application as Exhibit A; and the Court having been satisfied that Blair does not hold or represent interests adverse to the Debtor's estate and that Blair is a "disinterested person" as such term is defined under section 101(14), as modified by §1107(b), of the Bankruptcy Code; and that the employment of Blair as the Debtor's investment banker is necessary and in the best interests of the Debtor, its estate, creditors and interest holders; and after due deliberation and sufficient cause appearing therefor, it is hereby,

**IT IS HEREBY ORDERED THAT:**

1. The Application is approved.

2. Pursuant to sections 327(a) and 328 of the Bankruptcy Code, the Debtor is hereby authorized to retain and employ Blair as its investment banker, *nunc pro tunc* to February 8, 2010 on the terms set forth in the attached Engagement Agreement, as modified by this Order.

3. Blair shall be relieved from any requirement to file monthly fee statements or applications for interim compensation or expense reimbursement under section 331 of the Bankruptcy Code, and Debtor shall be authorized to pay Monthly Fees and reimbursement expenses to Blair consistent with the terms and conditions set forth in the Engagement Agreement as modified by this Order; provided, however, that Blair shall be required to obtain approval of this Court for all fees and expenses incurred in accordance with the Engagement Agreement as modified by this Order (including the Monthly Fees) by filing and serving a first and final application for compensation and reimbursement of expenses (the "Final Fee Application") pursuant to sections 327(a), 328(a) and 330(a) of the Bankruptcy Code and in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable orders of this Court, upon closing a Possible Transaction as set forth in the Engagement Agreement.

4. Any fees or expenses paid to Blair during the chapter 11 case but not approved by the Court pursuant to a Final Fee Application shall be promptly returned by Blair to the Debtor.

5. Blair shall be compensated in accordance with the terms and conditions of the Engagement Agreement pursuant to section 328 of the Bankruptcy Code

and the Final Fee Application filed by Blair shall be subject to review pursuant to the standard set forth in section 328 of the Bankruptcy Code and not subject to the standard of review set forth in sections 330 or 331 of the Bankruptcy Code, except that the U.S. Trustee shall retain the right to object to the Final Fee Application based upon the reasonableness standard provided in section 330 of the Bankruptcy Code (with the understanding that "reasonableness" for this purpose shall be evaluated by comparing (among other things) the fees payable in these cases to fees paid to other investment banking firms offering comparable services in other Chapter 11 cases and shall not be evaluated solely on hourly or length of case based criteria). It is further agreed and understood that in the event Blair seeks reimbursement for attorney's fees and expenses pursuant to paragraph 3 of the Engagement Agreement, the invoices and supporting time records from such attorneys shall be included in Blair's own Final Fee Application and such invoices and time records shall be subject to the U.S. Trustee's guidelines for compensation and reimbursement of expenses and the approval of the Court under the standards of section 330 and 331 of the Bankruptcy Code.[1]

6. The Indemnification Provision of the Engagement Agreement is approved.

7. No claim of Reinert or a Reinert Entity shall arise against the Debtor or its estate as a result of the $200,000 retainer paid to Blair by Reinert and/or a Reinert Entity having a priority any greater than a claim subordinated to all general unsecured claims.

8. A possible transaction is subject to the limitations set forth in the

---

[1] Such attorney invoices and time records may be redacted as appropriate to prevent disclosure of privileged attorney client communications or work product.

Stipulated Order, including, without limitation, the consent rights of the Committee and the Agent as set forth in paragraph 2(m) thereof.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the enforcement or implementation of this Order.

*See Record for more details.*

Dated: Pittsburgh, Pennsylvania

3/2/10


_____
UNITED STATES BANKRUPTCY JUDGE

FILED

MAR 3 2010

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA

4