IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| In re: | Case No. 09-27807-MBM |
|---|---|
| MAX & ERMA'S RESTAURANT, INC. | Chapter 11 |
| Debtor. | Related to Doc. No. 991 |

**NOTICE OF (A) EFFECTIVE DATE OF FIRST AMENDED JOINT CHAPTER 11 PLAN PROPOSED BY THE DEBTOR AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS DATED AUGUST 18, 2010; (B) EVENTS OCCURRING ON THE EFFECTIVE DATE; AND (C) BAR DATES FOR FILING CERTAIN CLAIMS**

**PLEASE TAKE NOTICE OF THE FOLLOWING[1]:**

1. **Confirmation of the Plan**. On August 23, 2010, an order (Docket No. 991) (the "Confirmation Order") confirming the First Amended Joint Chapter 11 Plan Proposed by the Debtor and the Official Committee of Unsecured Creditors Dated August 18, 2010 (as modified, the "Amended Plan") was signed by the Honorable M. Bruce McCullough, United States Bankruptcy Judge, and was entered and duly docketed by the Office of the Clerk of the United States Bankruptcy Court for the Western District of Pennsylvania (the "Bankruptcy Court") in the chapter 11 case of the above-captioned Debtor. Capitalized terms used but not otherwise defined in this Notice shall have the meanings ascribed to them in the Amended Plan or the Confirmation Order.

2. **Copies of the Amended Plan and Confirmation Order**. Copies of the Amended Plan and Confirmation Order and other Amended Plan-related documents (including the Disclosure Statement and all exhibits thereto) may be obtained through the Bankruptcy Court's electronic filing system at http://ecf.pawb.uscourts.gov or during normal business hours at the Office of the Clerk of the Bankruptcy Court, 5414 U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219.

3. **Effective Date**. The Effective Date, as defined in the Amended Plan, occurred on Monday, **August 30, 2010**. This Notice operates as the notice contemplated in the Confirmation Order.

4. **Events Occurring on the Effective Date**. The following events occurred on the Effective Date (this list is not exhaustive):

    a. Vesting of Assets of the M&E Trust. As of the Effective Date, the balance of the cash consideration relating to the Sale, the Excluded Assets, the M&E Trust Cash

---

[1] All capitalized terms not otherwise defined herein shall have the same meaning ascribed to such term in the Amended Plan.

Consideration and any other consideration due from the Purchaser to the Debtor and/or the M&E Trust vested in the M&E Trust, and shall constitute M&E Trust Assets.

b. <u>Cancellation of Existing Securities and Agreements</u>. On the Effective Date, except as provided in the Amended Plan, all notes, instruments, certificates and other documents evidencing Claims or Interests were cancelled and the obligations of the Debtor discharged in accordance with section 1141(d)(1) of the Bankruptcy Code. Subordination agreements in favor of the Agent shall survive the Effective Date. Notwithstanding the foregoing, the Pre-Petition Bank Debt and related loan documents shall remain in full force and effect, except as expressly modified in the Amended Plan.

c. <u>Rejection of Executory Contracts and Unexpired Leases</u>. On the Effective Date, all executory contracts and unexpired leases to which the Debtor is a party shall be deemed automatically rejected in accordance with the provisions and requirements of sections 365 and 1123(b)(2) of the Bankruptcy Code, unless any such executory contract or unexpired lease: (i) has been previously subject to a Final Order of the Bankruptcy Court authorizing assumption/assignment or rejection, as the case may be, and entered prior to the Effective Date; (ii) is the subject of a motion to assume, assume and assign or reject pending as of the Effective Date; or (iii) is listed on Exhibit B of the Confirmation Order.

d. <u>Assumption of Executory Contracts and Unexpired Leases</u>. On the Effective Date, the Debtor assumed and assigned to the Purchaser all of the executory contracts and unexpired leases listed on Exhibit B of the Confirmation Order.

e. <u>Assumption of Assumed Liabilities</u>. On the Effective Date, Purchaser assumed only the Assumed Liabilities (as defined in the Restated Purchase Agreement) or identified in the Restated Purchase Agreement and the Confirmation Order and did not assume any other liability or obligation of the Debtor.

f. <u>Dissolution of Committee</u>. On the Effective Date, the Committee disbanded and was released of its duties and obligations.

g. <u>Substantial Consummation</u>. Conditions for substantial consummation, as set forth in the Amended Plan, have occurred.

5. **Bankruptcy Court Jurisdiction**. As of the Effective Date, the Bankruptcy Court retains jurisdiction over all matters set forth in the Confirmation Order and Article XI of the Amended Plan.

6. **Bar Dates**.

a. <u>Administrative Expense Claim Bar Date</u>. All requests for allowance and payment of Administrative Expense Claims other than Cure Claims, but including Section 503(b)(9) Claims must be filed with the Bankruptcy Court and served in accordance with the Bankruptcy Rules ***within forty-five (45) days after entry of the Post-***

*Confirmation Order and Notice dated August 23, 2010 (or October 7, 2010)*. Administrative Expense Claims that are not timely filed will be disallowed automatically and deemed forever barred, estopped, and enjoined from assertion, and without the need for any objection by the Purchaser or the M&E Trustee or any further notice to or action, order, or approval of the Bankruptcy Court, and are not enforceable against the Purchaser or the M&E Trust, as the case may be.

   b. <u>Rejection Damage Claim</u>.  Counterparties to executory contracts or unexpired leases that are deemed rejected as of the Effective Date will be permitted to assert any Claim on account of the rejection of such executory contracts or unexpired leases, including under section 502(g) of the Bankruptcy Code, subject to compliance with the requirements of the Amended Plan.  Any proofs of claim asserting Claims arising from the rejection of the Debtor's executory contracts and unexpired leases must be filed with the Bankruptcy Court *no later than thirty (30) days after the Effective Date (or September 22, 2010)*.  Any proofs of claim that are not timely filed will be deemed automatically and forever barred, estopped, and enjoined from assertion, and shall not be enforceable against the M&E Trustee.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

7. **Limitation of this Notice**. *This Notice is intended to provide the requisite notification of the Effective Date of the Amended Plan. Nothing herein is intended to, or shall be deemed to, modify any terms of the Amended Plan or the Confirmation Order or any rights, obligations, or deadlines established thereunder. All parties are encouraged to review the Amended Plan and Confirmation Order, as well as the related Disclosure Statement, for further information regarding the topics addressed in this Notice or any other issues relating to the effect of the Confirmation of the Amended Plan.*

Dated: September 1, 2010                                              Respectfully submitted,

| | | |
|---|---|---|
| **LAW OFFICES OF ROBERT O. LAMPL** | | **MCGUIREWOODS, LLP** |
| Robert O. Lampl, Esq. | | Mark E. Freedlander, Esq. |
| John P. Lacher, Esq. | | Michael J. Roeschenthaler, Esq. |
| Elsie R. Lampl, Esq. | | 625 Liberty Avenue, 23rd Floor |
| 960 Penn Avenue, Suite 1200 | -and- | Pittsburgh, PA  15222 |
| Pittsburgh, PA  15222 | | (412) 667-6000 |
| (412) 392-0330 | | |
| | | *Counsel to the M&E Trust* |
| *Counsel to the Debtor* | | |

\16742206.4